IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHELARO, LLC, | : Civ. No. 1:24-CV-1066 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| STATE FARM FIRE AND CASUALTY COMPANY, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

This case is before us on a partial motion to dismiss by the defendant, State Farm Fire and Casualty Company ("State Farm"). (Doc. 5). The plaintiff, Phelaro LLC ("Phelaro"), filed this action alleging breach of contract and bad faith by State Farm, the latter arising under 42 Pa. Cons. Stat. § 8271. (Doc. 1-2). State Farm has moved to dismiss the bad faith claim for failure to state a claim. (Doc. 5). For the following reasons, the motion will be granted.

II. Background

On December 17, 2021, Phelaro suffered a fire at its Mechanicsburg, Pennsylvania, building. (Doc. 1-2 ¶ 9). The building in

question was insured by State Farm by a policy numbered 98-E9-N871-5. (*Id.* ¶ 19). Phelaro alleges that all conditions precedent to its recovery under the policy have been met, including notifying State Farm of the losses, and making a proper claim under the policy. (*Id.* ¶¶ 11-12). Phelaro alleges that State Farm has "refused" to fully compensate Phelaro as required by the policy. (*Id.* ¶ 12).

Phelaro filed this action in state court, asserting claims of breach of contract and bad faith. (Doc. 1-2). State Farm then removed the matter to this court and filed the instant motion to dismiss. (Doc. 5). Relevant to the instant motion, Phelaro claims that the denial of coverage was made "wrongfully and in bad faith," subjecting State Farm to special damages under 42 Pa. Cons. Stat. § 8271. (Doc. 1-2 ¶¶ 22-27). Phelaro outlines over a dozen generalized ways in which they allege that State Farm engaged in bad conduct, including, *inter alia*: tendering insufficient funds; "low-balling" Phelaro; failing to make a reasonable effort at a timely settlement; not proceeding with more dispatch; failing to objectively evaluate Phelaro's claim; compelling Phelaro to initiate this lawsuit to recover policy benefits due to them; acting unfairly; conducting an inadequate investigation; refusing to pay the claim despite Phelaro

2

voluntarily complying with conditions not in the policy; deliberate misrepresentations about the policy; and forcing Phelaro to use State Farm's preferred vendor, who was incompetent to Phelaro's detriment. (*Id.* ¶ 24(a)-(n)).

For its part, State Farm argues that Phelaro has failed to state a statutory bad faith claim. (Doc. 5). Additionally, State Farm has requested to strike the plaintiff's claims for attorney's fees and inconvenience damages. (*Id.*). The motion is fully briefed and ripe for resolution. (Docs. 6, 8). For the reasons that follow, we will grant State Farm's motion.

## III. Discussion

### A. Motion to Dismiss – Standard of Review

The defendant has filed a partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

4

> has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

## B. <u>The Defendant's Motion to Dismiss will be Granted.</u>

The defendant has moved to partially dismiss the complaint,[1] arguing that the plaintiff fails to allege sufficient facts to state a bad faith claim pursuant to 42 Pa. Cons. Stat. § 8371. A claim under § 8371 requires a plaintiff to plead facts showing: (1) the defendant insurer lacked a reasonable basis for denying benefits, and (2) the insurer knew of (or recklessly disregarded) that lack of reasonable basis. *Terletsky v. Prudential Property and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994) (citing *American Franklin Life Insurance Company v. Galati*, 776 F. Supp. 1054, 1064 (E.D. Pa. 1991)). "A plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). General allegations that the insurer acted unfairly or has not tendered payment in the amount the plaintiff believes is due are insufficient. *Id.*; *Dougherty v. Allstate Prop. And Cas. Ins. Co.*, 185 F. Supp. 3d 585, 598 (E.D. Pa. 2016); *Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 600 (E.D. Pa. 2010).

---

[1] State Farm's request to strike claims for attorney's fees and inconvenience damages in Count I (Doc. 5) is unopposed and will be granted. (Doc. 8 at 2).

Phelaro contends that paragraphs 24(l) and 24(n) of the complaint state sufficient facts for the claim to survive the motion. Paragraph 24(l) provides that State Farm "refus[ed] to consider making payment of the supplemental claim/claim for withheld depreciation for structure, when the Plaintiff agreed to comply with the Defendant's demands that the amount be incurred, notwithstanding that said requirement is not contained in the policy of insurance[.]" (Doc. 1-2 ¶ 24(l)).[2] Additionally, paragraph 25(n) states that State Farm "forc[ed] or entic[ed] Plaintiff to retain one of the Defendant's preferred vendor contractors which was incompetent and billed exorbitant charges for various aspects of the work performed, all to the detriment of the Plaintiff." (Doc. 1-2 ¶ 24(n)).

In our view, these allegations amount to no more than conclusory statements that State Farm unfairly considered Phelaro's claim. Additionally, the complaint fails to set forth factual allegations from which we can infer that State Farm knew they were denying coverage on an unreasonable basis, or why State Farm's failure to perceive an

---

[2] While Phelaro attempts to point us to additional facts in its brief in opposition, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation and internal quotation marks omitted).

unreasonable basis amounted to reckless disregard. Rather, Phelaro simply alleges that State Farm refused to consider making payment despite its compliance with State Farm's requests, and that an incompetent vendor was used at State Farm's request and resulted in detriment to Phelaro. Accordingly, we will grant the defendant's motion to dismiss the bad faith claim, but without prejudice to allow the plaintiff an opportunity to amend its complaint. *See Ridolfi v. State Farm Mut. Auto. Ins. Co.*, 146 F. Supp. 3d 619, 625 (M.D. Pa. 2015) (dismissing the bad faith claim with leave to amend).

IV. <u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss (Doc. 5) will be GRANTED.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: November 5th, 2024